## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CENTRAL MUTUAL INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| vs. | ) ) | NO.: |
| PROCOMM ADVANCED QUALITY SOLUTIONS, LLC; BOB FUOTO, individually and d/b/a EQUIMAXIT; DUE SOUTH CONTRACTING, LLC; RENOVATION FUNDING GROUP, LLC; BOB PERRY; JET CONTRACTING, INC.; GREG BENNETT; IDEAL SMART ENERGY, INC.; GUS HALL; and LARRY TONEY | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Central Mutual Insurance Company ("Plaintiff" or "Central"), Plaintiff in the above-styled action, and hereby files this Complaint for Declaratory Judgment against ProComm Advanced Quality Solutions, LLC, Bob Fuoto, individually and d/b/a Equimaxit, Due South Contracting, LLC, Renovation Funding Group, LLC, Bob Perry, Jet Contracting, Inc., Greg Bennett, Ideal Smart Energy, Inc., Gus Hall, and Larry Toney (collectively, "Defendants"), showing this Honorable Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

This is an action for declaratory judgment, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Plaintiff Central Insurance Company and Defendants ProComm Advanced Quality Solutions, LLC, Bob Fuoto, individually and d/b/a Equimaxit, Due South Contracting, LLC, Renovation Funding Group, LLC, Bob Perry, Jet Contracting, Inc., Greg Bennett, Ideal Smart Energy, Inc., Gus Hall, and Larry Toney.

2.

Central Mutual Insurance Company is a foreign insurance company organized and existing under the laws of the state of Ohio, and having its principal place of business at 800 South Washington Street, Van Wert, Ohio 45891. Central is a citizen of the State of Ohio. Central submits itself to the jurisdiction of this Court. Central is not a citizen of the State of Georgia and was not a citizen of the State of Georgia as of the time of the filing of this action.

3.

Defendant ProComm Advanced Quality Solutions, LLC is a domestic limited liability company organized under the laws of Georgia. ProComm Advanced Quality

Solutions, LLC's principal place of business is located at 7580 Owl Creek Drive, Douglasville, Georgia 30134. ProComm Advanced Quality Solutions, LLC may be served with process through its registered agent Bobby Perry at 7580 Owl Creek Drive, Douglasville, Georgia 30134.

4.

Bobby Perry and Tiffany Perry are the sole members of Defendant ProComm Advanced Quality Solutions, LLC.

5.

Bobby Perry is a citizen of the State of Georgia.

6.

Tiffany Perry is a citizen of the State of Georgia.

7.

Defendant ProComm Advanced Quality Solutions, LLC is a citizen of the State of Georgia. See, Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004).

8.

Defendant Bob Fuoto is a citizen of the State of Georgia. Mr. Fuoto may be served with process at 3388 Mathieson Drive, NE, Atlanta, Georgia 30305.

9.

Defendant Due South Contracting, LLC is a domestic limited liability company organized under the laws of Georgia. Due South Contracting, LLC's principal place of business is located at 3388 Mathieson Drive, NE, Atlanta, Georgia 30305. Due South Contracting, LLC may be served with process through its registered agent Bob Fuoto at 3220 Pointe Parkway Ste 500, Atlanta, Georgia 30305.

10.

Bob Fuoto is the sole member of Due South Contracting, LLC.

11.

Bob Fuoto is a citizen of the State of Georgia.

12.

Defendant Due South Contracting, LLC is a citizen of the State of Georgia. See, Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004).

13.

Defendant Renovation Funding Group, LLC is a domestic limited liability company organized under the laws of Georgia. Renovation Funding Group's principal place of business is located at 3388 Mathieson Drive, NE, Atlanta, Georgia

30305. Renovation Funding Group, LLC may be served with process through its registered agent Lauren Boffill at 510 Plaza Dr, Suite 2220, Atlanta, Georgia 30349.

14.

Bob Fuoto is the sole member of Renovation Funding Group, LLC.

15.

Bob Fuoto is a citizen of the State of Georgia.

16.

Defendant Renovation Funding Group, LLC is a citizen of the State of Georgia. See, Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004).

17.

Defendant Bob Perry is a citizen of the State of Georgia. Bob Perry may be served with process at 7580 Owl Creek Drive, Douglasville, Georgia 30134.

18.

Defendant Jet Contracting, Inc. is organized and existing under the laws of Georgia. Jet Contracting, Inc.'s principal place of business is located at 1100 Fern Creek Road, Bogart, Georgia 30622. Jet Contracting, Inc. may be served with process through its registered agent Jeffrey E. Tucker at 1100 Fern Creek Road, Bogart, Georgia 30622.

19.

Defendant Greg Bennett is a citizen of the State of Georgia. Mr. Bennett may be served with process at 248 North Broad Street, Monroe, Georgia 30655.

20.

Defendant Ideal Smart Energy, Inc. is organized and existing under the laws of Georgia. Ideal Smart Energy, Inc.'s principal place of business is located at 3400 Chapel Hill Road, Suite 223, Douglasville, Georgia 30135. Ideal Smart Energy, Inc. may be served with process through its registered agent Larry Toney at 3400 Chapel Hill Road, Suite 223, Douglasville, Georgia 30135.

21.

Defendant Gus Hall is a citizen of the State of Georgia. Mr. Hall may be served with process at 3400 Chapel Hill Rd. Suite 223 Douglasville, Georgia 30135.

22.

Defendant Larry Toney is a citizen of the State of Georgia. Mr. Toney may be served with process at 3400 Chapel Hill Rd. Suite 223 Douglasville, Georgia 30135.

23.

This Court has personal jurisdiction over Defendants ProComm Advanced Quality Solutions, LLC, Bob Fuoto, individually and d/b/a Equimaxit, Due South Contracting, LLC, Renovation Funding Group, LLC, Bob Perry, Jet Contracting,

Inc., Greg Bennett, Ideal Smart Energy, Inc., Gus Hall, and Larry Toney as Georgia residents.

24.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as at least one Defendant resides within the judicial district of the Northern District of Georgia, and all Defendants are residents of the State of Georgia.

25.

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because it is a civil action in which the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is among citizens of different states.

26.

Specifically, Plaintiff anticipates that the combined cost it will incur for defense plus indemnification of Defendants Ideal Smart Energy, Inc., Gus Hall, Larry Toney and the damages at issue here would exceed $75,000, the jurisdictional threshold.   Plaintiff anticipates that the cost of providing a defense to Ideal Smart Energy Inc. would exceed $75,000.  Plaintiff anticipates that the cost to indemnify Ideal Smart Energy Inc. would exceed $75,000.

27.

Central Mutual Insurance Company issued commercial general liability policy number CLP 7879415 37 (the "Policy") effective July 1, 2023, to Ideal Smart Energy Corp. of Georgia with a policy period from July 1, 2023 through July 1, 2024.  The Policy provides commercial general liability coverage, subject to the terms, conditions, and exclusions contained in the policy. (See, Exhibit A).

28.

The Policy provides up to $1,000,000 in coverage for each occurrence, $1,000,000 in coverage for Personal and Advertising Injury, and $2,000,000 in General Aggregate coverage.  The Products-Completed Operations Aggregate Limit is $2,000,000.  (See, Exhibit A, Declarations).

29.

An actual, justiciable controversy presently exists between the parties regarding coverage for the claims asserted in the Underlying Lawsuit and Third Party Complaint, which demands a declaration by this Court in order that Plaintiff may have its rights and duties under the Policy determined and avoid the possible accrual of damages.

## FACTUAL BACKGROUND

30.

Plaintiff incorporates by reference the foregoing Paragraphs 1 through 29 as if fully set forth herein.

31.

This action arises out of claims asserted by Procomm Advanced Quality Solutions, LLC ("Procomm") against Bob Fuoto individually and d/b/a Equimaxit, Due South Contracting, LLC and Renovation Funding Group, LLC related to alleged breach of construction contracts and non-payment for construction work allegedly performed on four properties.  (See, *ProComm Advanced Quality Solutions, LLC v. Bob Fuoto, individually and d/b/a Equimaxit, Due South Contracting, LLC, and Renovation Funding Group, LLC*, Superior Court of Fulton County, Civil Action File No. 24-A-09730-4 (the "Underlying Lawsuit") (See, Exhibit B)).

32.

According to the Underlying Lawsuit, Defendant Bob Fuoto, and his companies, Due South Contracting, LLC and Renovation Funding Group, LLC, retained Defendant ProComm to perform renovation work to four properties located at 3201 Lenox Road, Unit 10, Atlanta Georgia; 554 Creek Valley Court,

Stockbridge, Georgia; 4630 Ellisbury Drive, Atlanta, Georgia; and 5632 Laurel Ridge Drive, East Point, Georgia. (See, Exhibit B ¶ 9).

33.

ProComm alleges that, even though it completed the renovation and construction work on the properties, Defendants Bob Fuoto, Due South Contracting, LLC, and Renovation Funding Group, LLC failed to issue payment to Defendant ProComm in the following amounts: $20,511.40 for 3201 Lenox Road; $41,401 for 554 Creek Valley Court; $27,666.94 for 4630 Ellisbury Drive; and $16,936.15 for 5632 Laurel Ridge Drive. In total, Defendant ProComm contends that Defendants Fuoto, Due South Contracting, LLC, and Renovation Funding Group, LLC owe Defendant ProComm an outstanding balance of $106,542.49. (See, Exhibit B ¶ 11-14).

34.

In the Underlying Lawsuit, Defendant ProComm contends that Defendants Fuoto, Due South Contracting, LLC, and Renovation Funding Group, LLC breached their agreements with Defendant ProComm by virtue of their failure to issue payments to ProComm. (See, Exhibit B, Count One – Breach of Contract).

35.

In the Underlying Lawsuit, Defendant ProComm asserted causes of action against Defendants Fuoto, Due South Contracting, LLC, and Renovation Funding Group, LLC for breach of contract, quantum meruit, alter-ego liability/piercing the corporate veil, and statutory attorney's fees.  (See, Exhibit B, Counts One through Four).

36.

On February 17, 2025, Defendants Fuoto, Due South Contracting, LLC, and Renovation Funding Group, LLC answered Defendant ProComm's Complaint and filed a Counterclaim against Defendant ProComm and a Third Party Complaint against Defendants Bobby Perry, Jet Contracting, Inc., Greg Bennett, Ideal Smart Energy, Inc., Gus Hall, and Larry Toney in the Underlying Lawsuit. (See, Exhibit C) (hereinafter, the "Third Party Complaint").

37.

Defendant Ideal Smart Energy was served with the Third Party Complaint on February 21, 2025. (See, Exhibit D, Affidavit of Service).

38.

Defendant Larry Toney, owner of Defendant Ideal Smart Energy, was served with the Third Party Complaint on February 21, 2025. (See, Exhibit E, Affidavit of Service; see also, Exhibit C, ¶ 16).

39.

The Fulton County Superior Court issued an Order for Service by Publication of the Third Party Complaint to Defendant Gus Hall, owner of Defendant Ideal Smart Energy, on April 17, 2025. Defendant Hall's answer is due June 8, 2025. (See, Order for Service by Publication, Exhibit F).

40.

Neither Defendant Ideal Smart Energy nor Defendant Larry Toney notified Plaintiff of the Third Party Complaint asserting claims against Defendants Ideal Smart Energy, Larry Toney or Gus Hall until March 31, 2025.

41.

According to the Third Party Complaint, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege that Defendant Renovation Funding Group entered into a contract with Defendant ProComm to perform certain renovations under its Equimaxit program. (See, Exhibit C, ¶¶ 10-11).

42.

Defendants Fuoto, Due South Contracting, LLC, and Renovation Funding Group, LLC allege that Defendant Renovation Funding Group entered into an agreement with Defendant Ideal Smart Energy, Inc. on or about August 22, 2022 to perform certain renovations under Defendant Renovation Funding Group's Equimaxit program.  (See, Exhibit C ¶ 12).

43.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege that the Equimaxit program allows property owners to finance their repairs and renovations to their properties with Defendant Renovation Funding Group, resulting in Renovation Funding Group paying the contractors for their services on the properties directly.  (See, Exhibit C ¶ 14).

44.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege that Defendant Renovation Funding Group entered into an agreement with Defendant Jet Contracting, Inc., owned by Defendant Greg Bennett, to perform certain renovations for Defendant Jet Contracting's clients' properties. (See, Exhibit C ¶ 16).

45.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege that Defendants ProComm, Jet Contracting and Ideal Smart Energy worked together to steal multiple clients, realtors, and brokers from Defendant Renovation Funding Group. (See, Exhibit C ¶ 19-21).

46.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege that Defendants ProComm, Jet Contracting and Ideal Smart Energy willfully interfered with Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's business relationships. (See, Exhibit C ¶ 22).

47.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege that Defendants ProComm, Jet Contracting and Ideal Smart Energy made false statements to persuade customers of Defendants Fuoto, Due South Contracting, LLC, and Renovation Funding Group, LLC to break their agreements with Defendants Fuoto, Due South Contracting, LLC, and Renovation Funding Group, LLC.  (See, Exhibit C ¶ 23).

48.

Defendant Renovation Funding Group, LLC alleges that it entered into an agreement with Defendants Jet Contracting and Ideal Smart Energy wherein Defendants Jet Contracting and Ideal Smart Energy agreed to provide contracting services, and Defendant Renovation agreed to pay Defendants Jet Contracting and Ideal Smart Energy as outlined in their agreement. (See, Exhibit C, ¶ 30).

49.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege a cause of action for breach of contract against Defendants Jet Contracting and Ideal Smart Energy because, contrary to the terms of the agreement with Defendant Fuoto's company Defendant Renovation Funding Group, LLC, Defendants Jet Contracting and Ideal Smart Energy allegedly failed to "be the sole and exclusive factor for the program and conspired to deal with other counterclaim Defendants to steal customers away from Defendant Renovation." (See, Exhibit C ¶ 32).

50.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC also allege a cause of action for breach of implied covenant of good faith and fair dealing against Defendant ProComm, Jet Contracting and Ideal Smart

Energy for "acting in bad faith by, among other things, Defendant ProComm misrepresented that it was a licensed general contractor with the State of Georgia, and [Defendants Jet Contracting and Ideal Smart Energy] conspiring with Counterclaim Defendants to steal clients from Defendant Renovation." (See, Exhibit C ¶ 36).

51.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC also allege a cause of action for conspiracy against Defendants ProComm, Jet Contracting, Ideal Smart Energy, Bobby Perry, Gus Hall, Larry Toney and Greg Bennett on the basis that these Defendants allegedly entered into an agreement amongst themselves "to solicit clients from Defendant Renovation based on fraudulent misrepresentations; to exclude Defendant Renovation from the Equimaxit program, and to directly work with Defendant Renovation clients to provide contractor services without Defendant Renovation's knowledge." (See, Exhibit C, ¶ 45).

52.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants ProComm, Jet Contracting, Ideal Smart Energy, Bobby Perry, Gus Hall, Larry Toney and Greg Bennett had a common goal to

deprive Defendant Renovation of its clients and enrich themselves. (See, Exhibit C, ¶ 46).

53.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC also allege a cause of action for tortious interference with business relations against Defendants ProComm, Jet Contracting, Ideal Smart Energy, Bobby Perry, Gus Hall, Larry Toney and Greg Bennett because they "acted improperly and without privilege, and purposely and maliciously with intent to injure" Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC by interfering with existing business relationships and by encouraging their customers to no longer do business with them. (See, Exhibit C ¶ Count VI).

54.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendant Renovation had valid contractual relations with its clients which were taken by Defendants ProComm, Jet Contracting, Ideal Smart Energy, Perry, Hall, Toney and Bennett. (See, Exhibit C, ¶ 48).

55.

In support of this claim for tortious interference, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants

-17-

ProComm, Jet Contracting, Ideal Smart Energy, Perry, Hall, Toney and Bennett acted without privilege, with purpose, and with malicious intent to injure Defendant Renovation Funding. (Exhibit C, ¶ 49).

56.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC also assert causes of action against Defendants ProComm, Jet Contracting, Ideal Smart Energy, Bobby Perry, Gus Hall, Larry Toney and Greg Bennett for violation of Georgia's Racketeer Influenced and Corrupt Organizations ("RICO") statute through a pattern of racketeering activity and attempting to acquire and maintain interests in personal property owned by Defendant Renovation.

57.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC alleged Defendants ProComm, Jet Contracting, Ideal Smart Energy, Bobby Perry, Gus Hall, Larry Toney and Greg Bennett unlawfully took and appropriated Defendant Renovation's property including valuable computer data, client files, and other documents with the intention of depriving Defendant Renovation of the property. (See, Exhibit C ¶ 53, Section 1).

58.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants ProComm, Jet Contracting, Ideal Smart Renovations, Bobby Perry, Gus Hall, Larry Toney and Greg Bennett unlawfully obtained Defendant Renovation's property, including money, by deceitful means or artful practice. (See, Exhibit C, ¶ 53, Section 2).

59.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants ProComm, Jet Contracting, Ideal Smart Renovations, Bobby Perry, Gus Hall, Larry Toney and Greg Bennett used Defendant Renovation's "computers and/or network with knowledge that such use was without authority to intentionally take or appropriate Defendant Renovation's property, including client files and other documents…" (See, Exhibit C, ¶ 53, Section 3).

60.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege that these organized acts sought to deprive Defendant Renovation of the full value of its property and provide financial gain, control and possession to Defendants ProComm, Jet Contracting, Ideal Smart Renovations, Bobby Perry, Gus Hall, Larry Toney and Greg Bennett.  (See, Exhibit C, ¶ 55).

61.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege that these organized acts involved fraud and were committed in furtherance of a scheme to defraud Defendant Renovation. (See, Exhibit C, ¶ 59).

62.

As a result of these allegedly organized acts, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC seek three times the actual damages sustained, attorney's fees and costs of litigation pursuant to O.C.G.A. § 16-14-6(c), additional relief in the form of an order divesting these Defendants of any interest in Defendant Renovation's enterprise and any entity constituting a member thereof including all real and personal property derived from the enterprise, and punitive damages. (See, Exhibit C, ¶¶ 62-64).

63.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC also brought a cause of action for piercing the corporate veil against Defendants ProComm, Perry, Toney, Hall and Bennett alleging that they disregarded the corporate form of their respective corporations, including Defendants Hall and Toney's corporation, Defendant Ideal Smart Energy. (See, Exhibit C, Count VIII).

64.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendant Ideal Smart Energy serves merely as an alter ego or business conduit for Defendants Hall and Toney. (See, Exhibit C, ¶ 68).

65.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Perry, Hall, Toney and Bennett are jointly and severally liable to Defendants Renovation and Fuoto since they disregarded the corporate form. (See, Exhibit C, ¶¶ 69, 73).

66.

Specifically, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Perry, Hall, Toney and Bennett operated Defendants ProComm, Jet Contracting and Ideal Smart Energy interchangeably with their own affairs, assumed legal obligations for the entities, and intermingled funds interchangeable between personal accounts and corporate accounts. (See, Exhibit C, ¶ 69).

67.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Perry, Hall, Toney and Bennett have incurred debts

under the guise of Defendants ProComm, Jet Contracting and Defendant Ideal related to the incident which is the subject of the Underlying Lawsuit and Third Party Complaint.

68.

Through this cause of action, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC ask the Court to, in equity, pierce the corporate veil so that Defendants Hall and Toney may be held personally liable. (See, Exhibit C, Count VIII).

69.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC also allege causes of action against Defendants ProComm, Jet Contracting, Ideal Smart Renovations, Bobby Perry, Gus Hall, Larry Toney and Greg Bennett for punitive damages and attorneys' fees. (See, Exhibit C, Count IX, Count X).

70.

On April 28, 2025, Plaintiff promptly sent a reservation of rights to Defendant Ideal Smart Energy Corp., care of Defendants Gus Hall and Larry Toney, due to the coverage issues presented by the Underlying Lawsuit and Third Party Complaint. (See, Exhibit G).

## THE INSURANCE POLICY

71.

As discussed in Paragraphs 27 and 28 above, Central Insurance Company issued commercial general liability policy number CLP 7879415 37 (the "Policy") effective July 1, 2023, to Ideal Smart Energy Corp. of Georgia with a policy period from July 1, 2023 through July 1, 2024.    The Policy provides commercial general liability coverage, subject to the terms, conditions, and exclusions contained in the Policy. (See, Exhibit A). The Policy provides up to $1,000,000 in coverage for each occurrence, $1,000,000 in coverage for Personal and Advertising Injury, and General Aggregate coverage for $2,000,000.  The Products-Completed Operations Aggregate Limit is $2,000,000.  (See, Exhibit A, Declarations).

72.

A true and accurate copy of the Policy is attached as Exhibit A. The Policy was delivered in Georgia, and Georgia law applies to the construction and interpretation of the Policy.

73.

Ideal Smart Energy Corp. is the named insured pursuant to the Policy. (See, Exhibit A, Declarations).

74.

The Commercial General Liability Coverage Form provides as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
. . .
Throughout this policy, the words "you" and "your" refer to the Named
Insured shown in the Declarations and any other person or organization
qualifying as a Named Insured under this policy.  The words "we" "us"
and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such
under Section II- Who Is An Insured.

Other words and phrases that appear in quotation marks have special
meaning. Refer to Section V- Definitions.
. . .

(See, Exhibit A, p. 124).

75.

The Policy provides the following definitions:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION V – DEFINITIONS**

. . .

**3.**  "Bodily injury" means "bodily injury, sickness, or disease sustained
by a person, including death resulting from any of these at any time"

. . .

**9.**  "Insured contract" means:

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement;

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

. . .

**13.** "Occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

**14.** "Personal and advertising injury" means injury including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

-25-

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication of material, in any manner, that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

. . .

**16.** Products-completed operations hazard":

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

    **(1)** Products that are still in your physical possession; or

    **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

        **(a)** When all of the work called for in your contract has been completed.

    **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

(See, Exhibit A, pp. 136-139).

76.

The Policy provides coverage under Coverage A as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

**a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

**(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

**b.**  This insurance only applies to "bodily injury" and "property damage" only if:

**(1)** the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

-28-

**(2)** the "bodily injury" or "property damage" occurs during the policy period; and

**(3)** prior to the policy period, no insured listed under Paragraph 1 of Section II – who is an insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury, or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1 of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer.

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

. . .

(See, Exhibit A, p. 124).

77.

The Policy provides the following exclusions to coverage:

**2. Exclusions**

This insurance does not apply to:

**a.** Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.** Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

    **(1)** That the insured would have in the absence of the contract or agreement; or

    **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damaged because of "bodily injury" or "property damage", provided:

        **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

        **(b)** Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

. . .

    **o.  Personal And Advertising Injury**

    "Bodily injury" arising out of "personal and advertising injury".

. . .

(See, Exhibit A, p. 124-125).

78.

The Policy also excludes coverage for property damage or bodily injury arising from "your work" or "your product."  The Policy provides:

-31-

**2.    Exclusions**

. . .

**k.  Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.  Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

. . .

As amended:

SECTION I - COVERAGES, Coverage A, Exclusion **l**. Damage to Your Work, is replaced with the following:
**1.**  Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

This exclusion only applies to that particular part of "your work" that causes the "property damage."

(See, Exhibit A, pp. 128, 162).

79.

The Policy also excludes coverage for damages arising out of the loss of, damage to, or inability to access or manipulate electronic data.  The Policy provides:

**2.  Exclusions**

. . .

**p.  Electronic Data**

Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

However, this exclusion does not apply to liability for damages because of "bodily injury".

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

(See, Exhibit A, p. 128).

80.

The Policy also provides coverage under Coverage B for personal and advertising injury. The Policy provides:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.  Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

   (1) The amount we will pay for damage is limited as described in Section III – Limits Of Insurance: and

   (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** and **B** or medical expenses under Coverage **C**.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(<u>See</u>, Exhibit A, p. 129).

81.

The Policy provides the following exclusions to coverage for "personal and advertising injury:

-34-

## COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY

. . .

### 2. Exclusions

This insurance does not apply to:

**a. Knowing Violation of Rights of Another**
"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b. Material Published with knowledge of falsity**
"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity."

**c. Material Published Prior To Policy Period**
"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

**d. Criminal Acts**
"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured

**e. Contractual Liability**
"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

**f. Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

**g. Quality Or Performance Of Goods – Failure To Conform To Statements**
"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

**h. Wrong Description of Prices**
"Personal and advertising injury" arising out of the wrong description of the price of goods, products or services stated in your "advertisement".

**i. Infringement Of Copyright, Patent, Trademark Or Trade Secret**
"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

. . .

**l. Unauthorized Use Of Another's Name Or Product**
"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

. . .

(See, Exhibit A, p. 129-130).

82.

The Policy contains the following provisions regarding an "insured" pursuant to the Policy. The Policy states:

**SECTION II – WHO IS AN INSURED**

> **1.** If you are designated in the Declarations as:
>
>> . . .
>>
>> d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
>> . . .
>
> **2.** Each of the following is also an insured:
>
>> **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:
>>
>> **(1)** "Bodily injury" or "personal and advertising injury":
>>> **(a)** To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your

-37-

business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

**(b)** To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph **(1)(a)** above;

**(c)** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph **(1)(a)** or **(b)** above; or

**(d)** Arising out of his or her providing or failing to provide professional health care services.

**(2)** "Property damage" to property:

**(a)** Owned, occupied or used by;

**(b)** Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by:

you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

. . .

(See, Exhibit A, p. 132).

83.

The Policy contains the following conditions to coverage:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

. . .

**2. Duties In The Event Of Occurrence, Offense, Claim or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

-38-

      **(1)** How, when and where the "occurrence" or offense took place;

      **(2)** The names and addresses of any injured persons and witnesses; and

      **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

      **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

      **(2)** Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

      **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      **(2)** Authorize us to obtain records and other information;

      **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

(<u>See</u>, Exhibit A, p. 134).

84.

Based on the foregoing, Plaintiff contends that uncertainty and insecurity exist between the Parties with respect to the rights, status, damages, and other legal relations regarding coverage for the underlying claims and litigation.

## FIRST CLAIM FOR RELIEF

85.

Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 84 as if fully set forth herein.

86.

Given the foregoing, Plaintiff contends that coverage for the claims asserted against Defendants Ideal Smart Energy, Larry Toney and Gus Hall are excluded as the incident which is the subject of the Underlying Lawsuit and Third Party Complaint is not subject to the "Insuring Agreement" as defined in the Policy.

87.

Specifically, there is no coverage pursuant to the Policy to the extent the alleged damages asserted by Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC are not considered "bodily injury" or "property damage" caused by an "occurrence" as defined by the Policy. (See, Exhibit A,

Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, Section 1. Insuring Agreement).

88.

There is no coverage pursuant to the Policy to the extent the claims asserted by Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC are the subject of "occurrences" which occurred outside the policy period. (See, Exhibit A, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, Section 1. Insuring Agreement, Subsection b.).

89.

Additionally, there is no coverage pursuant to the "Insuring Agreement" to the extent Defendants Ideal Smart Energy, Larry Toney, and/or Gus Hall had knowledge of the incident which is the subject of the Underlying Lawsuit and Third Party Complaint prior to the Policy's inception. (See, Exhibit A, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, Section 1. Insuring Agreement, Subsection c.).

90.

Pursuant to the terms and conditions of the Policy, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy, Larry Toney, and Gus Hall in the Third Party

Complaint are precluded from coverage to the extent the claims asserted do not constitute "bodily injury" or "property damage" caused by an "occurrence" that occurred within the policy period and as defined by the Policy, and the Insuring Agreement precludes coverage for an insured's knowledge of the incident prior to the inception of the Policy.

91.

A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Central may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages

## SECOND CLAIM FOR RELIEF

92.

Plaintiff incorporates by reference the allegations in the foregoing Paragraphs numbered 1 through 84 as if fully set forth herein.

93.

Given the foregoing, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy, Larry Toney, and Gus Hall for breach of contract are excluded from coverage under the Policy to the extent the allegations against Defendants Ideal Smart Energy,

Toney and/or Hall are related to violations of duties assumed in a contractual agreement between Defendants Fuoto, Due South Contracting, LLC and/or Renovation Funding Group, LLC and Defendant Ideal Smart Energy.

94.

Defendant Renovation alleges that it entered into an agreement with Defendant Ideal Smart Energy wherein Defendant Ideal Smart Energy agreed to provide contracting services, and Defendant Renovation agreed to pay Defendant Ideal Smart Energy as outlined in the agreement. (See, Exhibit C, ¶ 30).

95.

Defendants Fuoto, Due South Contracting, LLC and Renovation Contracting, LLC allege that Defendant Ideal Smart Energy violated its agreement by failing to be the sole and exclusive factor for the Equimaxit program, and by conspiring to deal with other Defendants to steal customers from Defendant Renovation. (See, Exhibit C, ¶ 32).

96.

Based on the allegations of the Underlying Complaint and the Third Party Complaint, the allegations against Defendant Ideal Smart Energy, Defendant Hall, and Defendant Toney are excluded as they result from alleged breaches of contract by Defendant Ideal Smart Energy, Defendant Hall, and Defendant Toney.

97.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Ideal Smart Energy, Larry Toney, and Gus Hall contracted to perform work on behalf of Defendant Renovation Funding Group, LLC. (Exhibit C, ¶ 32).

98.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's allege Defendant Ideal Smart Energy, owned by Defendants Hall and Toney, failed to perform their work in accordance with the terms of the agreement with Defendant Renovation because they failed to be the sole and exclusive factor for the estimating program by Defendant Renovation. (Exhibit C, ¶ 32).

99.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Ideal Smart Energy, Toney and Hall conspired and entered into an agreement with Defendants ProComm, Jet Contracting, Perry and Bennett to solicit clients from Defendant Renovation to enrich themselves during the course of the work that they performed pursuant to the contract executed with Defendant Renovation. (Exhibit C, ¶ 36, 45, 46).

100.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Ideal Smart Energy, Hall and Toney breached covenants of good faith and fair dealing and made material misrepresentations during the course performance under the contract which was a breach of the terms of the contract. (Exhibit C, ¶ Count III; Count IV).

101.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Ideal Smart Energy, Larry Toney, and Gus Hall, during the course of performing their work under the contract with Defendant Renovation, attempted to acquire and maintain interest in Defendant Renovation Funding's personal property consisting of electronic and computer data and electronic customer information in violation of O.C.G.A. § 16-4-4(a)-(c) and in breach of the contract. (See, Exhibit C ¶ 52).

102.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Ideal Smart Energy, Larry Toney, and Gus Hall committed acts of racketeering activity including taking and appropriating Defendant Renovation's property with the intent to deprive Renovation of the

property and using Defendant Renovation's computers and/or network with knowledge that such use was without authority to intentionally take or appropriate Defendant Renovation's property in violation of O.C.G.A. § 16-14-1 et seq. Defendant Renovation alleges that these activities were committed by Ideal Smart Energy, Hall and Toney, during the course of them performing under the terms of the contract with Defendant Renovation and were in breach of the terms of the contract. (See, Exhibit C ¶ 53, Sections 1, 3, ¶ 54).

103.

A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Central may have its rights and duties under the applicable contracts of insurance determined and avoid the possible accrual of damages.

**THIRD CLAIM FOR RELIEF**

104.

Plaintiff incorporates by reference the allegations in the foregoing Paragraphs numbered 1 through 84 as if fully set forth herein.

105.

Given the foregoing, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy,

Larry Toney, and Gus Hall are excluded from coverage under the Policy to the extent the claims for damages arise from Defendant Ideal Smart Energy's "product" or "work" as defined by the Policy.

106.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Ideal Smart Energy, Larry Toney, and Gus Hall contracted to perform work on behalf of Defendant Renovation Funding Group, LLC. (Exhibit C, ¶ 32).

107.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's allege Defendant Ideal Smart Energy, owned by Defendants Hall and Toney, failed to perform their work in accordance with the terms of the agreement with Defendant Renovation because they failed to be the sole and exclusive factor for the estimating program by Defendant Renovation. (Exhibit C, ¶ 32).

108.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Ideal Smart Energy, Toney and Hall conspired and entered into an agreement with Defendants ProComm, Jet Contracting, Perry and Bennett to solicit clients from Defendant Renovation to enrich themselves during

the course of the work that they performed pursuant to the contract executed with Defendant Renovation. (Exhibit C, ¶ 36, 45, 46).

109.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Ideal Smart Energy, Hall and Toney breached covenants of good faith and fair dealing and made material misrepresentations during the course of their work. (Exhibit C, ¶ Count III; Count IV).

110.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Ideal Smart Energy, Larry Toney, and Gus Hall, during the course of performing their work under the contract with Defendant Renovation, attempted to acquire and maintain interest in Defendant Renovation Funding's personal property consisting of electronic and computer data and electronic customer information in violation of O.C.G.A. § 16-4-4(a)-(c). (See, Exhibit C ¶ 52).

111.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Ideal Smart Energy, Larry Toney, and Gus Hall committed acts of racketeering activity including taking and appropriating

Defendant Renovation's property with the intent to deprive Renovation of the property and using Defendant Renovation's computers and/or network with knowledge that such use was without authority to intentionally take or appropriate Defendant Renovation's property in violation of O.C.G.A. § 16-14-1 et seq. Defendant Renovation alleges that these activities were committed by Ideal, Hall and Toney, during the course of them performing "their work" under the terms of the contract with Defendant Renovation. (See, Exhibit C ¶ 53, Sections 1, 3, ¶ 54).

112.

Based on the foregoing, the Policy excludes coverage for damages arising from Defendant Ideal Smart Energy's "work" or "product" as defined by the Policy.

113.

A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Central may have its rights and duties under the applicable contracts of insurance determined and avoid the possible accrual of damages

**FOURTH CLAIM FOR RELIEF**

114.

Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs numbered 1 through 84 as if fully set forth herein.

-49-

115.

Given the foregoing, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy, Larry Toney, and Gus Hall are excluded from coverage under the Policy to the extent the claims for damages arise out of Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's loss of, damage to, or inability to access or manipulate electronic data.

116.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Ideal Smart Energy, Larry Toney, and Gus Hall committed acts of racketeering activity including intentionally taking and appropriating Defendant Renovation's property, including valuable computer data, client files and other documents with the intent to deprive Defendant Renovation of the property in violation of O.C.G.A. § 16-14-1 et seq. (See, Exhibit C ¶ 53, Section 1; see also, ¶ 54).

117.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Ideal Smart Energy, Larry Toney, and Gus Hall committed acts of racketeering activity including using Defendant Renovation's

computers and/or network with knowledge that such use was without authority to intentionally take or appropriate Defendant Renovation's property in violation of O.C.G.A. § 16-14-1 et seq. (See, Exhibit C ¶ 53, Section 3; see also, ¶ 54).

118.

Based on the foregoing, the Policy excludes coverage for damages arising from Defendant Renovation's claims against Defendants Ideal Smart Energy, Larry Toney, and Gus Hall regarding the loss of, damage to, or inability to access or manipulate electronic data.

119.

A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Central may have its rights and duties under the applicable contracts of insurance determined and avoid the possible accrual of damages

**FIFTH CLAIM FOR RELIEF**

120.

Plaintiff incorporates by reference the foregoing allegations contained in Paragraphs numbered 1 through 84 as if fully set forth herein.

121.

Given the foregoing, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy, Larry Toney, and Gus Hall are excluded from coverage under the Policy to the extent Defendants Ideal Smart Energy, Toney and Hall are liable for damages which do not arise from a "personal and advertising injury" as defined by the Policy, or which are excluded pursuant to the "personal and advertising injury" coverage afforded by the Policy. (See, Exhibit A, Coverage B, Section 1. Insuring Agreement, Section 2. Exclusions; see also, Section V – Definitions).

122.

Defendants Fuoto, Due South Contracting, LLC and Renovation Contracting, LLC allege that Defendant Ideal Smart Energy breached its agreement with Defendant Renovation by failing to be the sole and exclusive factor for the Equimaxit program, and by conspiring to deal with other Defendants to steal customers from Defendant Renovation. (Exhibit C, ¶ 32).

123.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's allege Defendant Ideal Smart Energy, owned by Defendants Hall and

Toney, worked with Defendant Jet Contracting to "steal multiple clients from Renovation Funding." (Exhibit C, ¶ 19).

124.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's allege Defendant Renovation's clients terminated their agreements with Defendant Renovation due to Defendant Ideal Smart Energy's willful interference with Renovation Funding's business relationship and agreements with its clients. (Exhibit C, ¶ 22, 23).

125.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendant Ideal Smart Energy conspired and entered into an agreement with Defendants ProComm, Jet Contracting, Perry and Bennett to solicit clients from Defendant Renovation to enrich themselves. (Exhibit C, ¶ 45, 46).

126.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendants Ideal Smart Energy, Larry Toney, and Gus Hall committed acts of racketeering activity including using Defendant Renovation's computers and/or network to intentionally take or appropriate Defendant

Renovation's property, including client files, in violation of O.C.G.A. § 16-14-1 et seq. (See, Exhibit C ¶ 53, Section 3; see also, ¶ 54).

127.

Based on the foregoing, the Policy excludes coverage for damages arising from Defendant Renovation's claims against Defendants Ideal Smart Energy, Larry Toney, and Gus Hall that do not constitute a "personal and advertising injury" as defined by the Policy or are a excluded from coverage under the "personal and advertising injury" coverage afforded by the Policy including, but not limited to, a "personal and advertising injury" which occurred outside of the policy period.

128.

A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Central may have its rights and duties under the applicable contracts of insurance determined and avoid the possible accrual of damages.

<strong><u>SIXTH CLAIM FOR RELIEF</u></strong>

129.

Plaintiff incorporates by reference the allegations in the foregoing Paragraphs numbered 1 through 84  as if fully set forth herein.

-54-

130.

Given the foregoing, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims are excluded from coverage under the Policy to the extent the alleged acts were performed by individuals and/or entities which are not considered "insureds" as defined by the Policy. (See, Exhibit A, Section II – Who Is An Insured).

131.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendant Ideal Smart Energy breached its contract with Defendant Renovation Funding. (Exhibit C, Count II).

132.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege Defendant Ideal Smart Energy's breached an implied covenant of good faith and fair dealing. (Exhibit C, Count III).

133.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege facts to support Defendants Ideal Smart Energy, Toney and Hall's participation in a conspiracy against Defendant Renovation Funding to enrich themselves. (Exhibit C, Count V).

134.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege facts to support Defendants Ideal Smart Energy, Toney and Hall's actions which constitute tortious interference with Defendant Renovation Funding's contractual relations with its clients. (Exhibit C, Count VI).

135.

Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC allege facts to support Defendants Ideal Smart Energy, Toney and Hall's actions which violate Georgia's RICO statute. (Exhibit C, Count VII).

136.

To the extent the alleged breach of contract, alleged tortious interference with contract, alleged conspiracy, alleged breach of implied covenant of good faith and fair dealing, alleged violation of Georgia's RICO statue were outside of the course of Defendant Ideal's business, Defendant Hall and Defendant Toney may not be considered "insureds" as that term is defined by the Policy.

137.

Based on the foregoing, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims are not covered under the Policy to the

extent the acts alleged were performed by individuals or entities who are not considered "insureds" as defined by the Policy.

138.

A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Central may have its rights and duties under the applicable contracts of insurance determined and avoid the possible accrual of damages

**SEVENTH CLAIM FOR RELIEF**

139.

Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs number 1 through 84 as if fully set forth herein.

140.

Given the foregoing, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy, Toney and Hall may have known about an "occurrence" or offense that could result in a claim on or before the inception of the Policy.

141.

Given the foregoing, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy,

Toney and Hall did not give Plaintiff notice of the claim, offense, "occurrence," Underlying Lawsuit, or Third Party Complaint as soon as practicable.

142.

Defendant Ideal Smart Energy was served with the Third Party Complaint on February 21, 2025. (See, Exhibit D, Affidavit of Service).

143.

Defendant Larry Toney, owner of Defendant Ideal Smart Energy, was served with the Third Party Complaint on February 21, 2025. (See, Exhibit E, Affidavit of Service; see also, Exhibit C, ¶ 16).

144.

Neither Defendant Ideal Smart Energy nor Defendant Larry Toney notified Plaintiff of the Third Party Complaint asserting claims against Defendants Ideal Smart Energy, Larry Toney or Gus Hall until March 31, 2025.

145.

Pursuant to the Duties In The Event Of Occurrence, Offense, Claim Or Suit provision of the Policy, Defendants Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy, Toney and Hall are excluded from coverage for the insured's breach of conditions precedent to coverage pursuant to the Policy.

146.

Based on the foregoing, Plaintiff asserts a genuine dispute exists regarding the coverage issues mentioned above, and a declaratory judgment is necessary to determine the rights and obligations of the parties.

WHEREFORE, Plaintiff prays:

a. For a declaratory judgment stating Defendants Bob Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy, Larry Toney and Gus Hall are precluded from coverage under the Policy because the claims are not subject to coverage pursuant to the language of the Insuring Agreement of the Policy;

b. For a declaratory judgment stating Defendants Bob Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy, Larry Toney and Gus Hall are precluded from coverage under the Policy because the claims arise from a violation of duties assumed in a contractual agreement between Defendant Fuoto and his companies and Defendant Ideal Smart Energy;

c. For a declaratory judgment stating Defendants Bob Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy, Larry Toney and Gus Hall are precluded

from coverage under the Policy because the claims arise from damage to Ideal Smart Energy's "product" and/or "work" as defined and excluded by the Policy;

d.  For a declaratory judgment stating Defendants Bob Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy, Larry Toney and Gus Hall are precluded from coverage under the Policy because the claims arise from Defendant Fuoto and his businesses' loss of, damage to, or inability to access or manipulate electronic data which is excluded from coverage pursuant to the Policy;

e.  For a declaratory judgment stating Defendants Bob Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy, Larry Toney and Gus Hall are precluded from coverage under the Policy because the alleged damages do not qualify as "personal and advertising injury" or are otherwise excluded from coverage for "personal and advertising injury" pursuant to the Policy;

f.  For a declaratory judgment stating Defendants Bob Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy, Larry Toney and Gus Hall are precluded

from coverage under the Policy because the acts which give rise to the claims for damages were performed by individuals or entities who are not considered an "insured" as defined by the Policy;

g.  For a declaratory judgment stating Defendants Bob Fuoto, Due South Contracting, LLC and Renovation Funding Group, LLC's claims against Defendants Ideal Smart Energy, Larry Toney and Gus Hall are precluded from coverage under the Policy because Ideal Smart Energy violated the conditions of the Policy including the duties after loss provision of the Policy;

h.  For such other and further relied as this honorable Court may deem proper under the circumstances; and

i.  That process and summons be issued to all Defendants herein and that service on the Defendants be had as required by law.

This2 27th day of May, 2025.

SWIFT CURRIE MCGHEE & HIERS, LLP

*/s/ Taylor C. Gore*
Jessica M. Phillips
Georgia Bar No. 922902
Taylor C. Gore
Georgia Bar No. 205817
*Attorneys for Plaintiff*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: 404-874-8800
Jessica.phillips@swiftcurrie.com
Taylor.gore@swiftcurrie.com

## <u>LOCAL RULE 5.1(C) CERTIFICATION</u>

By signature below, counsel certifies that the foregoing pleading was prepared

in Times New Roman, 14-point font in compliance with Local Rule 5.1(C).

Respectfully submitted this 27th day of May, 2025.

SWIFT, CURRIE, McGHEE & HIERS, LLP

/s/  Taylor C. Gore
Jessica M. Phillips
Georgia Bar No. 922902
Taylor C. Gore
Georgia Bar No. 205817
*Attorneys for Plaintiff*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
jessica.phillips@swiftcurrie.com
taylor.gore@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing

***COMPLAINT FOR DECLARATORY JUDGMENT*** with the Clerk of Court via

the CM/ECF e-filing system and to Defendants via process server as follows:

Defendant ProComm Advanced Quality Solutions, LLC
C/O of Registered Agent Bobby Perry
7580 Owl Creek Drive
Douglasville, Georgia 30134

Defendant Bob Fuoto, individually and d/b/a Equimaxit
3388 Mathieson Drive, NE
Atlanta, Georgia 30305

Defendant Due South Contracting, LLC
C/O of Registered Agent Bob Fuoto
3220 Pointe Parkway Ste 500
Atlanta, Georgia 30305.

Defendant Renovation Funding Group, LLC
C/O of Registered Agent Lauren Boffill
510 Plaza Dr, Suite 2220
Atlanta, Georgia 30349

Defendant Bob Perry
7580 Owl Creek Drive
Douglasville, Georgia 30134

Defendant Jet Contracting, Inc.
C/O Registered Agent Jeffrey E. Tucker
1100 Fern Creek Road
Bogart, Georgia 30622

Defendant Greg Bennett
248 North Broad Street
Monroe, Georgia 30655

Defendant Ideal Smart Energy, Inc.
C/O Registered Agent Larry Toney
3400 Chapel Hill Road, Suite 223
Douglasville, Georgia 30135

Defendant Gus Hall
3400 Chapel Hill Rd. Suite 223
Douglasville, Georgia 30135

Defendant Larry Toney
3400 Chapel Hill Rd. Suite 223
Douglasville, Georgia 30135

This 27th day of  May, 2025.

SWIFT CURRIE MCGHEE & HIERS, LLP

/s/    Taylor C. Gore
Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Taylor C. Gore
Georgia Bar No. 205817
*Attorneys for Plaintiff*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404-874-8800
jessica.phillips@swiftcurrie.com
Taylor.gore@swiftcurrie.com

4929-6646-3301, v. 1

-65-